**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, THE TRAVELERS INDEMNITY COMPANY, and TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA<br><br>Plaintiffs,<br><br>v.<br><br>FELIPE JUAN FELIPE, individually, FELIPE JUAN FELIPE as next best friend of J.F.M. (a minor), FELIPE JUAN FELIPE as next best friend of P.F.M. (a minor), PETONA JUAN MATEO, PAMELA KAY OWENS, and DYKSTRA COMPANIES, LLC<br><br>Defendants. | Case No. _____ |

**COMPLAINT FOR DECLARATORY JUDGMENT
(WITH JURY DEMAND)**

Plaintiffs, THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT ("Travelers Connecticut"), THE TRAVELERS INDEMNITY COMPANY ("Travelers Indemnity") and TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA ("Travelers Property") (Travelers Connecticut, Travelers Indemnity and Travelers Property are referred to collectively herein as "Plaintiffs" or "Travelers"), by and through their attorneys, Karbal, Cohen, Economou, Silk & Dunne, LLC, hereby file their Complaint for Declaratory Judgment against Defendants, FELIPE JUAN FELIPE, individually ("Felipe"), FELIPE JUAN FELIPE as next best friend of J.F.M. ("J.F.M."), FELIPE JUAN FELIPE as next best friend of P.F.M. ("P.F.M."), PETONA JUAN MATEO ("Petona") (Felipe, J.F.M., P.F.M. and Petona are collectively referred to as "Underlying Plaintiffs"), PAMELA KAY OWENS ("Owens"), and

DYKSTRA COMPANIES, LLC ("Dykstra") (referred to collectively herein as "Defendants") and allege as follows:

## NATURE OF THE ACTION

1. In this action, Travelers seeks a declaration from this Court, pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57, that they have no duty or obligation to defend or indemnify Owens or Dykstra under certain policies of insurance issued by Travelers to Trailer Equipment, Inc. with Trailer X-Press Inc. ("TXP") added as a named insured by endorsement, with respect to the matter captioned *Felipe Juan Felipe, et al. v. Pamela Kay Owens, Dykstra Companies, LLC, Trailer X-Press, Inc., and C&H Transport, LLC a/k/a LC Logistics LLC*, pending in the Circuit Court for the Sixth Judicial Circuit, Champaign County, Illinois, Case No. 2019 L 000053 (the "Underlying Litigation").

2. Travelers does not seek any specific relief against Underlying Plaintiffs and will dismiss them if they agree to be bound by the outcome of this matter.

## THE PARTIES

3. Plaintiff Travelers Indemnity Company of Connecticut is a Connecticut corporation with its principal place of business located in Connecticut, and is therefore a citizen of Connecticut.

4. Plaintiff Travelers Indemnity Company is a Connecticut corporation with its principal place of business located in Connecticut, and is therefore a citizen of Connecticut.

5. Plaintiff Travelers Property Casualty Company of America is a Connecticut corporation with its principal place of business located in Connecticut, and is therefore a citizen of Connecticut.

6. Defendant Felipe Juan Felipe is an individual person and citizen of the State of Illinois, domiciled in Champaign County, Illinois.

7. Defendant Petona Juan Mateo is an individual person and citizen of the State of Illinois, domiciled in Champaign County, Illinois.

8. Minors J.F.M. and P.F.M. are individual persons and citizens of the State of Illinois, domiciled in Champaign County, Illinois.

9. Defendant Pamela Owens is an individual person and citizen of the State of Michigan, domiciled in Muskegon County, Michigan.

10. Defendant Dykstra Companies LLC is a Michigan limited liability company domiciled in Michigan and with its principal place of business located in Michigan. The sole member of Dykstra Companies, LLC, Michael Dykstra, is domiciled in Michigan and is a citizen of Michigan.

## JURISDICTION AND VENUE

11. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), because the Plaintiffs and the Defendants are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

12. The Court has personal jurisdiction over Defendants Felipe and Petona, as well as Minors J.F.M. and P.F.M. because they are citizens of the State of Illinois.

13. The Court has personal jurisdiction over Defendants Dykstra and Owens because the claim at issue in this declaratory judgment action arises out of an accident in Iroquois County, Illinois and resulting in the Underlying Litigation pending in Champaign County, Illinois.

14. All parties other than Pamela Owens agree to venue in this District. Upon information and belief, Owens does not object to venue in this District.

**BACKGROUND FACTS**

**A.     The Leased Trailer**

15.     Travelers' insured TXP is involved, *inter alia*, in the business of renting and leasing trailers.

16.     On July 22, 2014, TXP entered into an agreement (the "Lease Agreement") with C&H Transport LLC a/k/a LC Logistics LC ("C&H") for the lease of a certain trailer no. 537040 (the "Trailer"). A true and correct copy of the Lease Agreement is attached hereto as Exhibit A.

17.     The Lease Agreement requires C&H (therein the "Lessee") to procure certain insurance for TXP (therein the "Lessor"), stating in the pertinent provision:

> Lessee further agrees to procure at Lessee's sole cost and expense, and deliver to Lessor, simultaneously with or prior to delivery to Lessee of the equipment to be leased hereunder, a policy or policies of insurance issued by a company, and in a form satisfactory to Lessor with premiums prepaid thereon, insuring the Lessee against the hazards specific in paragraph 3b(i), 3b(ii) to the extent of the full cash value of the equipment and against the other hazards specified in minimum amount of $1,000,000.00 Combined Single Limit, personal injury and property liability. The policy(s) shall name Lessor as loss payee and/or additional insured as applicable[.]

(Exhibit A at p. 2).

18.     The Lease Agreement further restricts C&H's ability to dispose of leased trailers, stating in the pertinent part:

> Lessee agrees not to attempt to sell, mortgage, encumber, pledge, hypothecate or sublet the equipment to any other person, firm, associate or corporation, nor to relinquish possession of the equipment, except in the ordinary course of Lessee's business.

(Exhibit A at p. 2).

19.     On or about October 9, 2017 C&H leased the Trailer to Dykstra pursuant to an Interchange Agreement. A true and correct copy of the Interchange Agreement is attached hereto as Exhibit B.

4

**B.     The Accident and Underlying Litigation**

20.     On or about April 13, 2019, Underlying Plaintiffs were traveling in a vehicle in Iroquois County, Illinois.

21.     On or about April 13, 2019, Defendant Owens was operating a tractor owned by Dykstra and hauling the Trailer leased to Dykstra by C&H, pursuant to the Interchange Agreement.

22.     On or about April 13, 2019, Defendant Owens collided with the vehicle operated by the Underlying Plaintiffs (the "Accident").

23.     As a result of the Accident, Underlying Plaintiffs suffered significant injuries.

24.     On or about May 3, 2019 the Underlying Litigation was filed, alleging various careless and/or negligent acts based on the Accident. The First Amended Complaint ("FAC"), the operative complaint in the Underlying Litigation, is attached hereto as Exhibit C.

25.     On or about September 24, 2019 the liability carrier for C&H agreed to defend and indemnify TXP for the Underlying Litigation as an additional insured.

26.     On or about March 6, 2020 Progressive agreed to defend an indemnify TXP and C&H as additional insureds under a policy issued to Dykstra, finding that its coverage was primary over the coverage provided by C&H's carrier.

27.     On or about September 24, 2020, TXP and C&H were dismissed from the Underlying Litigation, leaving Dykstra and Owens as the only remaining defendants.

## C.    The Underlying Plaintiffs' Demand

28.    On December 9, 2020, Underlying Plaintiffs' counsel demanded Travelers make a "payment of the five million dollars", the limit of TXP's Umbrella Policy with Travelers Property Casualty Company of America, on behalf of purported insureds Dykstra and Owens.[1]

29.    Underlying Plaintiffs' counsel threatened to aggressively pursue the assets of Dykstra and Owens, and perhaps the personal assets of Dykstra's owners, unless the $5 million limit of the Travelers Policy was timely paid.

30.    On February 2, 2021, Travelers sent a letter to Dykstra and Owens, denying a duty to defend or indemnify them for the Underlying Litigation and consequently respectfully declining Underlying Plaintiffs demand that Travelers tender its $5 million limit.

31.    Travelers filed the instant action to determine the rights of the parties with respect to its obligation, if any, to Dykstra and Owens with regard to the Accident.

## D.    The Commercial Auto Policy

32.    The Travelers Indemnity Company issued Commercial Auto Policy No. BA-4269L25A-19-CAG for the policy period 1/1/2019 to 1/1/2020. TXP is a named insured on this Commercial Auto Policy by endorsement. Pursuant to the Policy Declarations, the Commercial Auto Policy provides a $1,000,000 limit of insurance for Symbol 10: CONTINGENT LIABILITY COVERAGE ONLY FOR ANY "LEASED AUTO" THAT IS LEASED FOR 6 MONTHS OR LONGER." A true and correct copy of the Commercial Auto Policy is attached hereto as Exhibit D.

---

[1] The email setting forth this demand may be subject to multiple claims of privilege, and so Travelers has not attached the email as an exhibit. Upon information and belief, all parties to this matter are in possession of the email.

6

33. Concerning leased autos, the Commercial Auto Policy contains Leasing or Rental Concerns – Contingent Coverage, Form CA 20 09 10 13 ("Contingent Coverage Endorsement"), which states:

> **A.** **Covered Autos Liability Coverage** and any required no-fault insurance provided by the policy for a covered "auto" that is a "leased auto" apply, subject to the following provisions:
>
> **1.** The lessee or rentee has furnished you with:
>
> **a.** A certificate of insurance;
>
> **b.** A copy of the policy; or
>
> **c.** A copy of the endorsement making you an additional insured on the lessee's or rentee's policy;
>
> as required by the leasing or rental agreement; and
>
> **2.** At the time of an "accident", the insurance required by the leasing agreement is not collectible.
>
> \* \* \*
>
> **C.** **Additional Definition**
>
> The following is added to the **Definitions** section:
>
> "Leased auto" means "auto" you lease or rent to a lessee or rentee, including any substitute, replacement or extra "auto" needed to meet seasonal or other needs, under a lease or rental agreement that requires the lessee or rentee to provide primary insurance for you.

(Exhibit D at p. 28).

34. The Commercial Auto Policy also contains the following provision:

> **2.** **Who Is An Insured**
>
> The following are "insureds":
>
> **a.** You for any covered "auto".
>
> **b.** Anyone else while using with your permission a covered "auto" you own, hire or borrow[.]

(Exhibit D at p. 17).

**E.**    **The Auto Dealers Policy**

35. The Travelers Indemnity Company of Connecticut issued Auto Dealer Policy No. AD-9H809261-19-CAG for the policy period 1/1/2019 to 1/1/2020, with a policy limit of

$1,000,000 each accident. TXP is a named insured on the Auto Dealers Policy by endorsement. A true and correct copy of the Auto Dealers Policy is attached hereto as Exhibit E.

36. Pursuant to Auto Dealers Coverage Form, Section D, "Covered Autos Liability Coverage", the Auto Dealers Policy provides as follows:

> **D. Covered Autos Liability Coverage**
>
> **1. Coverage**
>
> We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance caused by an "accident" and resulting from the ownership, maintenance or use of covered "autos".
>
> We will also pay all sums an "insured" legally must pay as a "covered pollution cost or expense" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of covered "autos". However, we will only pay for the "covered pollution cost or expense" if there is either "bodily injury" or "property damage" to which this insurance applies that is caused by the same "accident".
>
> We have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the Covered "Autos" Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements.
>
> **2. Who Is An Insured**
>
> The following are "insureds" for covered "autos":
>
> a. You for any covered "auto".
>
> b. Anyone else while using with your permission a covered "auto" you own, hire or borrow[.]

(Exhibit E at p. 37).

8

37. The Auto Dealers Policy contains the following exclusion:

> **4. Exclusions**
>
> This insurance does not apply to any of the following:
>
> \* \* \*
>
> **g. Leased Autos**
>
> Any covered "auto" while leased or rented to others. But this exclusion does not apply to a covered "auto" you rent to one of your customers while their "auto" is left with you for service or repair.

(Exhibit E at p. 38-39).

**E.    The Umbrella Policy**

38. Travelers Property Casualty Company of America issued Commercial Excess Liability (Umbrella) Policy No. CUP-2L86627A-19-14 for the policy period 1/1/2019 to 1/1/2020, with a $5,000,000 any one occurrence and in the aggregate limit for Bodily Injury. TXP is a named insured on the Umbrella Policy by endorsement. The Travelers Auto Dealers Policy and Travelers Commercial Business Auto Policy are listed on the Schedule of Underlying Insurance. A true and correct copy of the Umbrella Policy is attached hereto as Exhibit F.

39. The Umbrella Policy provides as follows:

> **SECTION I – COVERAGES**
>
> \* \* \*
>
> **1. INSURING AGREEMENT**
>
> **a.** We will pay on behalf of the insured the "ultimate net loss" in excess of the "applicable underlying limit" which the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage", "personal injured" or "advertising injury" to which this insurance applies.
>
> \* \* \*

**SECTION II – WHO IS AN INSURED**

\* \* \*

    **2.**    Each of the following is also an insured:

        **a.**    As respects the "auto hazard":

            **(1)**    Anyone using an "auto" you own, hire or borrow including any person or organization legally responsible for such use provided it is with your permission[.]

(Exhibit F at p. 5, 10).

40. The Umbrella contains the following exclusion:

    **3.**    **EXCLUSIONS**

        This insurance does not apply to:

\* \* \*

        **Leased Autos**

        Any covered "auto" while leased or rented to others. But this exclusion does not apply to a covered "auto" you rent to one of your customers while their "auto" is left with you for service or repair.

(Exhibit F at p. 6, 24).

## COUNT I
### (No Duty To Defend Or Indemnify – Commercial Auto Policy)

41. Plaintiff Travelers Indemnity Company hereby incorporates by reference Paragraphs 1-40 of this Complaint as if each was fully set forth herein.

42. The Trailer was leased to C&H and therefore constitutes a "leased auto" as defined in the Commercial Auto Policy.

43. As set forth in paragraph 17 of this Complaint, the Lease Agreement required C&H to maintain certain insurance, including insurance on behalf of TXP.

44. Pursuant to the Covered Autos Liability Coverage of the Commercial Auto Policy, coverage is only available if, "[a]t the time of an 'accident', the insurance required by the leasing agreement <u>is not collectible</u>" [emphasis added].

45. C&H maintained the insurance required by the Lease Agreement, and such insurance is collectible and indeed was collected by C&H and TXP by means of C&H's liability carrier providing defense of the Underlying Litigation to C&H and TXP until Progressive took over the defense as primary insurer on March 6, 2020.  See Progressive e-mail dated March 6, 2020 attached hereto as Exhibit G.

46. Because the insurance required by the Lease Agreement is collectible, there is no coverage under the Covered Autos Liability Coverage of the Commercial Auto Policy for the Trailer with regard to the Accident.

47. By reason of the foregoing, there is an actual controversy between Plaintiff Travelers Indemnity Company and Defendants Dykstra and Owens, and this Court is empowered under 28 U.S.C. § 2201 and Fed. R. Civ. P. 57 to render a declaratory judgment that there is no coverage for the Underlying Litigation under the Commercial Auto Policy.

**WHEREFORE**, Plaintiff, Travelers Indemnity Company, prays for entry of an order declaring as follows:

a. Travelers Indemnity Company has no duty to defend or indemnify Dykstra or Owens with respect to the Underlying Litigation.

b. Such other relief as the Court deems just and proper.

**COUNT II**
**(No Duty To Defend Or Indemnify – Auto Dealers Policy)**

48.     Plaintiff Travelers Indemnity Company of Connecticut hereby incorporates by reference Paragraphs 1-47 of this Complaint as if each was fully set forth herein.

49.     The Auto Dealers Policy provides in the pertinent provision that "you", referring to the named insured listed on the Declarations, is an insured under the Policy.

50.     Dykstra is not listed on the Declarations, and therefore is not a "you" as defined in the Policy.

51.     The Auto Dealers Policy further provides that "anyone else using with your permission a covered 'auto'" is an insured.

52.     Pursuant to the Coverage Form, the Trailer was a covered "auto", and TXP owned the Trailer.

53.     TXP did not give permission to Dykstra or Owens to use the Trailer, and indeed TXP has no relationship at all with Dykstra or Owens.

54.     Additionally, the Auto Dealers Policy contains the Leased Auto exclusion which provides that there is no coverage for a "leased auto", unless such "leased auto" is rented to a customer of TXP while their "auto" is with TXP for service.

55.     The Trailer is a "leased auto" under the Auto Dealers Policy, as it was leased to C&H pursuant to the Lease Agreement.

56.     Dykstra is not a customer of TXP, nor did TXP rent the "auto" to Dykstra while Dykstra had an "auto" with TXP for service.

57.     Because the Trailer was a "leased auto" at the time of the Accident, there is no coverage due to the Leased Auto Exclusion in the Auto Dealers Policy.

58. By reason of the foregoing, there is an actual controversy between Plaintiff Travelers Indemnity Company of Connecticut and Defendants Dykstra and Owens, and this Court is empowered under 28 U.S.C. § 2201 and Fed. R. Civ. P. 57 to render a declaratory judgment that there is no coverage for the Underlying Litigation under the Auto Dealers Policy.

**WHEREFORE**, Plaintiff, Travelers Indemnity Company of Connecticut, prays for entry of an order declaring as follows:

a. Travelers Indemnity Company of Connecticut has no duty to defend or indemnify Dykstra or Owens with respect to the Underlying Litigation.

b. Such other relief as the Court deems just and proper.

## COUNT III
### (No Duty To Defend Or Indemnify – Umbrella Policy)

59. Plaintiff Travelers Property Casualty Company of America hereby incorporates by reference Paragraphs 1-58 of this Complaint as if each was fully set forth herein.

60. The Umbrella Policy provides in the pertinent provision that "[a]nyone using an 'auto' you own, hire or borrow including any person or organization legally responsible for such use provided it is with your permission" is an insured.

61. TXP did not give permission to Dykstra or Owens to use the Trailer and indeed TXP has no relationship at all with Dykstra or Owens.

62. Therefore, neither Dykstra nor Owens were insureds under the Umbrella Policy at the time of the Accident.

63. The Umbrella Policy further contains a Leased Auto exclusion which provides that there is no coverage for a "leased auto", unless such "leased auto" is rented to a customer of TXP while their "auto" is with TXP for service.

64. The Trailer is a "leased auto" as defined under the Umbrella Policy, as it was leased to C&H pursuant to the Lease Agreement.

65. Dykstra is not a customer of TXP, nor did TXP rent the "auto" to Dykstra while Dykstra had an "auto" with TXP for service.

66. Because the Trailer was a leased auto at the time of the Accident, there is no coverage due to the Leased Auto exclusion in the Umbrella Policy.

67. By reason of the foregoing, there is an actual controversy between Plaintiff Travelers Property Casualty Company of America and Defendants Dykstra and Owens, and this Court is empowered under 28 U.S.C. § 2201 and Fed. R. Civ. P. 57 to render a declaratory judgment that there is no coverage for the Underlying Litigation under the Umbrella Policy.

**WHEREFORE**, Plaintiff, Travelers Property Casualty Company of America, prays for entry of an order declaring as follows:

a. Travelers Property Casualty Company of America has no duty to defend or indemnify Dykstra or Owens with respect to the Underlying Litigation.

b. Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs, The Travelers Indemnity Company, The Travelers Indemnity Company of Connecticut, and Travelers Property Casualty Company of America, demand a trial by jury on all issues so triable.

Dated: June 18, 2021

          Respectfully submitted,

          THE TRAVELERS INDEMNITY COMPANY, THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT and TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA

          By:    */s/ David B. Silvers*
                One of Their Attorneys

David B. Silvers
**KARBAL, COHEN, ECONOMOU,**
 **SILK & DUNNE, LLC**
150 South Wacker Drive, Suite 1700
Chicago, Illinois 60606
Tel:   (312) 431-3700
Fax:   (312) 431-3670
dsilvers@karballaw.com